AO93 Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the Search of
10645 North 66th Ave.
Glendale, Arizona 85304.

Case No. 24-3371 MB

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachment A.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B.**

**YOU ARE COMMANDED** to execute this warrant on or before _____October 25, 2024_____ *(not to exceed 14 days)* ☒ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>any United States Magistrate Judge on criminal duty in the District of Arizona</u>.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for _30_ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: _October 15, 2024 @ 5:19 pm_  _M Morrissey_
                                                                *Judge's signature*

City and state: Phoenix, Arizona                  Honorable Michael T. Morrissey, U.S. Magistrate Judge
                                                                   *Printed name and title*

# ATTACHMENT A

*Property to be searched*

The property to be searched is 10645 North 66th Avenue, Glendale, Arizona 85304, further described as a single-family residential dwelling, located on Lot #24 in the Braewood Verdes Unit 1 Subdivision, located in the City of Glendale, Arizona. The property consists of an east/west exposure layout, with a tan/brown/pink stucco exterior, two-car garage, covered entryway, and access to a walled backyard via a pedestrian gate.





## ATTACHMENT B

*Property to be seized*

1. 2011 Infiniti G37 Sedan (Vehicle)
    a. AZ License Plate (32A2LS), VIN: JN1CV6AP5BM500263
2. 2015 Infiniti QX60 SUV (Vehicle)
    a. AZ License Plate (S5A2XT), VIN: 5N1AL0MN5FC550945
3. Any illegal controlled substances;
4. Books, records, receipts, notes, ledgers, invoices, and any other documentation related to the manufacture, importation, transportation, ordering, purchase, sale, or distribution of controlled substances;
5. Drug ledgers, drug customer lists, drug inventory lists, weights and prices, dealer lists, criminal associates lists, or any notes containing the individual names of such persons, telephone numbers or addresses of these customers or dealers, and any records of accounts receivable, money paid or received, drugs supplied or received, cash received, or to be paid for controlled substances, or intended to be paid for controlled substances;
6. Records relating to the receipt, transportation, deposit, transfer, or distribution of money, including but not limited to, direct deposit confirmations, wire transfers, money orders, cashier's checks, check stubs, PayPal or other electronic money transfer services, check or money order purchase receipts, account statements, and any other records reflecting the receipt, deposit, or transfer of money;
7. United States currency, foreign currency, financial instruments, negotiable instruments, jewelry, precious metals, stocks, bonds, money wrappers, and receipts or documents regarding purchases of real or personal property;
8. Safe deposit box keys, storage locker keys, safes, and related secure storage devices, and documents relating to the rental or ownership of such units;

9. Currency counters;

10. Indicia of occupancy, residency, rental, ownership, or use of the Subject Premises and any vehicles found thereon during the execution of the warrant, including, utility and telephone bills, canceled envelopes, rental, purchase or lease agreements, identification documents, keys, records of real estate transactions, vehicle titles and registration, and vehicle maintenance records;

11. Photographs, including still photos, negatives, slides, videotapes, and films, in particular those showing co-conspirators, criminal associates, U.S. currency, real and personal property, firearms, or controlled substances;

12. Paraphernalia related to the importation, transportation, use, or distribution of controlled substances or proceeds from the sale of controlled substances, including materials commonly used for the clandestine shipment thereof, including but not limited to, scales, bottles, mixing bowls, spoons, grinders, cutting agents, cutting boards, baggies, knives/razors, plastic wrap/cellophane, tape, seals, boxes, packaging materials, scent masking agents, shipping labels, and storage containers;

13. Firearms, ammunition, magazines, cases, boxes, holsters, slings, gun pieces, gun cleaning items or kits, ammunition belts, original box packaging, targets, expended pieces of lead, and records, receipts, or other paperwork showing the purchase, storage, disposition, or dominion and control over firearms and ammunition.

14. Cellular telephones and SIM cards (hereafter referred to collectively as "electronic storage media")[4];

15. Records evidencing ownership or use of electronic storage media, including sales receipts, registration records, and records of payment.

---

[4] Separate Search and Seizure Warrants will be submitted for the electronic storage media seized.

2

AO 106 Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the Search of
10645 N 66th Ave
Glendale, Arizona 85304.

Case No. 24-3371MB

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

**As further described in Attachment A**

located in the District of Arizona, there is now concealed:

**As set forth in Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is:
- ☒ evidence of a crime;
- ☒ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code/Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 | Possession with Intent to Distribute a Controlled Substance |
| 21 U.S.C. § 846 | Conspiracy to Possess with Intent to Distribute a Controlled Substance |
| 21 U.S.C. § 843(b) | Use of a Communication Facility to Commit a Federal Drug Felony |

The application is based on these facts:

**See attached Affidavit of Special Agent Daniel Mendoza**

☒ Continued on the attached sheet.
☐ Delayed notice of ___days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA Jason Crowley

DANIEL J MENDOZA  Digitally signed by DANIEL J MENDOZA
                  Date: 2024.10.15 16:42:36 -07'00'

*Applicant's Signature*

Daniel Mendoza | Special Agent | HSI
*Printed name and title*

Sworn telephonically and subscribed electronically.

Date: October 15, 2024

M Morrissey
*Judge's signature*

City and state: Phoenix, Arizona

Honorable Michael T. Morrissey, U.S. Magistrate Judge
*Printed name and title*

# ATTACHMENT A

*Property to be searched*

The property to be searched is 10645 North 66th Avenue, Glendale, Arizona 85304, further described as a single-family residential dwelling, located on Lot #24 in the Braewood Verdes Unit 1 Subdivision, located in the City of Glendale, Arizona. The property consists of an east/west exposure layout, with a tan/brown/pink stucco exterior, two-car garage, covered entryway, and access to a walled backyard via a pedestrian gate.





# ATTACHMENT B

*Property to be seized*

1. 2011 Infiniti G37 Sedan (Vehicle)
   a. AZ License Plate (32A2LS), VIN: JN1CV6AP5BM500263
2. 2015 Infiniti QX60 SUV (Vehicle)
   a. AZ License Plate (S5A2XT), VIN: 5N1AL0MN5FC550945
3. Any illegal controlled substances;
4. Books, records, receipts, notes, ledgers, invoices, and any other documentation related to the manufacture, importation, transportation, ordering, purchase, sale, or distribution of controlled substances;
5. Drug ledgers, drug customer lists, drug inventory lists, weights and prices, dealer lists, criminal associates lists, or any notes containing the individual names of such persons, telephone numbers or addresses of these customers or dealers, and any records of accounts receivable, money paid or received, drugs supplied or received, cash received, or to be paid for controlled substances, or intended to be paid for controlled substances;
6. Records relating to the receipt, transportation, deposit, transfer, or distribution of money, including but not limited to, direct deposit confirmations, wire transfers, money orders, cashier's checks, check stubs, PayPal or other electronic money transfer services, check or money order purchase receipts, account statements, and any other records reflecting the receipt, deposit, or transfer of money;
7. United States currency, foreign currency, financial instruments, negotiable instruments, jewelry, precious metals, stocks, bonds, money wrappers, and receipts or documents regarding purchases of real or personal property;
8. Safe deposit box keys, storage locker keys, safes, and related secure storage devices, and documents relating to the rental or ownership of such units;

  9. Currency counters;

  10. Indicia of occupancy, residency, rental, ownership, or use of the Subject Premises and any vehicles found thereon during the execution of the warrant, including, utility and telephone bills, canceled envelopes, rental, purchase or lease agreements, identification documents, keys, records of real estate transactions, vehicle titles and registration, and vehicle maintenance records;

  11. Photographs, including still photos, negatives, slides, videotapes, and films, in particular those showing co-conspirators, criminal associates, U.S. currency, real and personal property, firearms, or controlled substances;

  12. Paraphernalia related to the importation, transportation, use, or distribution of controlled substances or proceeds from the sale of controlled substances, including materials commonly used for the clandestine shipment thereof, including but not limited to, scales, bottles, mixing bowls, spoons, grinders, cutting agents, cutting boards, baggies, knives/razors, plastic wrap/cellophane, tape, seals, boxes, packaging materials, scent masking agents, shipping labels, and storage containers;

  13. Firearms, ammunition, magazines, cases, boxes, holsters, slings, gun pieces, gun cleaning items or kits, ammunition belts, original box packaging, targets, expended pieces of lead, and records, receipts, or other paperwork showing the purchase, storage, disposition, or dominion and control over firearms and ammunition.

  14. Cellular telephones and SIM cards (hereafter referred to collectively as "electronic storage media")[4];

  15. Records evidencing ownership or use of electronic storage media, including sales receipts, registration records, and records of payment.

---

[4] Separate Search and Seizure Warrants will be submitted for the electronic storage media seized.

# AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Special Agent Daniel Mendoza, being duly sworn, declare and state as follows:

## I. INTRODUCTION AND AGENT BACKGROUND

1. Your Affiant makes this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the premises located at 10645 North 66th Avenue, Glendale, Arizona 85304 (hereinafter the "**Subject Premises**"), as further described in Attachment A, in order to search for and seize the items outlined in Attachment B, which represent evidence, fruits, and/or instrumentalities of the criminal violations further described below.

2. I am a Special Agent with The United States Department of Homeland Security – Homeland Security Investigations (HSI) and have been since June 2023. I am currently assigned to the Deputy Special Agent in Charge (DSAC) – Phoenix, Border Enforcement Security Task Force – 1 (BEST1), which focuses on disrupting and dismantling Transnational Criminal Organizations (TCO) and Drug Trafficking Organizations (DTO) by employing a full-range of federal, state, and local law enforcement resources.

3. I graduated from the Criminal Investigator Training Program and Homeland Security Investigations Special Agent Training course in 2023 at the Federal Law Enforcement Training Center in Glynco, Georgia. While employed as a Special Agent with HSI, I participated in investigations involving the unlawful importation and distribution of controlled substances and unlawful weapons possession. I have conducted physical surveillance, interviewed known drug traffickers, and executed search warrants in furtherance of drug trafficking investigations. During these investigations, I became familiar with the ways and methods in which controlled substances are packaged, transported, and sold. Prior to joining HSI, I was employed as a United States Border Patrol

(USBP) Agent in Ajo, Arizona and served over eleven years as a Detention Officer and Sergeant for the Maricopa County Sheriff's Office in Phoenix, Arizona.

4. In my role as a Special Agent for HSI, I have participated in narcotics investigations (e.g., heroin, cocaine, fentanyl, and methamphetamine) that have resulted in the arrest of individuals and the seizure of illicit narcotics and/or narcotics-related evidence and the forfeiture of narcotics-related assets. I have been involved in the service of federal and state search warrants as part of these investigations. I have encountered and become familiar with various tools and methods utilized by various traffickers in their efforts to transport, conceal, and distribute controlled substances. I have also spoken with and/or interviewed drug dealers or confidential sources (informants) who were experienced in speaking in coded conversation. From these interviews - and also from discussions with other experienced agents, I have gained knowledge regarding the various methods, techniques, codes, and/or jargon used by drug traffickers in the course of their criminal activities, including their use of firearms to protect their narcotics-related activities and of cellular telephones and other electronic means to facilitate communications while avoiding law enforcement scrutiny.

5. I have written affidavits in support of federal court orders and search warrants. Additionally, I have written investigative reports, and conducted interviews of drug traffickers who held various roles within drug organizations, which has provided me with a greater understanding of the methods by which drug trafficking organizations operate.

6. I am an investigative law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). As such, I am empowered to conduct investigations of, and to make arrests for, violations of the Controlled Substances Act, Title 21, United States Code, Section 801 et seq., and related offenses.

7. The statements contained in this Affidavit are based on information derived

from your Affiant's personal knowledge, training and experience; information obtained from the knowledge and observations of other sworn law enforcement officers, either directly or indirectly through their reports or affidavits; surveillance conducted by law enforcement officers; analysis of public records; controlled purchases of drugs; analysis of telephone records; and recorded communications.

8.      Because this Affidavit is being submitted for the limited purpose of establishing probable cause for the search warrant, I have not set forth all the relevant facts known to law enforcement officers.

## II.     BASIS FOR PROBABLE CAUSE

9.      In August 2024, Homeland Security Investigation (HSI) began investigating Miguel Guadalupe PACHECO for the unlawful distribution of controlled substances. As part of the investigation, the decision was made to use an HSI Certified Undercover Agent (UCA) to conduct controlled purchases of suspected fentanyl pills and other illicit narcotics from Miguel Guadalupe PACHECO.

10.     During background checks on PACHECO using both Accurint Lexis Nexis and the Unified Passenger Application (UPAX), PACHECO was found to be the owner of a 2011 Gold Infiniti G37 (AZ 32A2LS). According to Arizona motor vehicle records, the G37 is registered to the **Subject Premises.**

11.     Additional UPAX queries for the **Subject Premises** returned a second vehicle, a 2015 Gold Infiniti QX60 SUV (AZ S5A2XT) as being registered to the **Subject Premises**, and under the name of Paula CORRALES-Soto, believed to be the girlfriend of PACEHCO.

12.     In early August 2024, an HSI UCA began negotiating with PACHECO via cellular text message for the purchase of fentanyl. The phone number used during negotiation and suspected of being operated by PACHECO was 623-290-9909. Once a confirmed date and time of the transaction was negotiated, investigators began conducting

3

surveillance at the **Subject Premises**. Approximately twenty minutes prior to the meeting time, investigators observed PACHECO and CORRALES exit the **Subject Premises** and enter the G37 owned by PACHECO. PACHECO then drove directly to the meeting location and sold approximately 300 grams of suspected fentanyl pills[1] (approximately 3,000 pills), to the UCA for $3,000. At the conclusion of the transaction, PACHECO and CORRALES left the meeting location and with no break in travel, returned to the **Subject Premises**.

13. On August 28th, 2024, a second undercover operation was conducted in which the same HSI UCA negotiated via cellular text message for the sale of fentanyl from PACHECO. Initially the same 623-290-9909 number was used in the negotiations, however PACHECO then contacted the UCA using number 480-701-3271, which PACHECO explained belonged to his girlfriend (CORRALES). During the controlled purchase, PACHECO and CORRALES arrived in the same G37 owned by PACHECO. PACHECO then sold the UCA approximately 500 grams of suspected fentanyl pills[2] (approximately 5,000 pills) in exchange for $5,000. During the transaction PACHECO told the UCA that he was looking for someone to acquire weapons for him; such as handguns, rifles, sniper rifles and FN machine guns to help aid in the war in Mexico, and that the weapons were highly sought after in Culiacan, Sinaloa, Mexico. At the conclusion of the transaction, PACHECO and CORRALES left in the G37. An attempt was made to follow them however, it was believed there was counter surveillance being used and law enforcement surveillance was terminated.

---

[1] Laboratory results from U.S. Customs and Border Protection Laboratories and Scientific Service (CBP LSS) confirmed the pills as Fentanyl (Schedule II controlled substance).

[2] Laboratory results from CBP LSS confirmed the pills as Fluorofentanyl (Schedule I controlled substance).

4

14. At the conclusion of the August 28th operation, a federal tracking warrant was sought for PACHECO's G37, and approved on August 30th, 2024.

15. Subsequent to the August 28th operation, the HSI UCA received cellular communication from PACHECO via a new telephone number, 505-639-6259. PACHECO explained to the UCA that his previous number was deactivated, and to use the new number provided for future communication.

16. On September 11th, 2024, a third undercover operation was conducted in which the same HSI UCA negotiated via cellular text message for the sale of fentanyl from PACHECO. During the controlled purchase, PACHECO and CORRALES were identified as arriving in the 2015 Gold Infiniti QX60 registered to CORRALES. PACHECO then sold the UCA approximately 987 grams of suspected fentanyl pills (approximately 10,000 pills) in exchange for $10,000.[3] During the transaction, PACHECO again told the UCA that he was interested in purchasing machine guns, sniper rifles, bazookas, and grenade launchers which would be bound to aid in the cartel war in Culiacan, Sinaloa, Mexico. At the conclusion of the transaction, PACHECO and CORRALES left in the QX60 and were followed by investigators. While following the QX60, members of the surveillance team observed the vehicle enter a Fry's fuel station but did not observe either PACHECO or CORRALES meeting with anyone or exiting the vehicle. The QX60 then left the area and drove to a Chase Bank near 67th avenue and Peoria - across the street from the **Subject Premises**. Members of the surveillance team observed the QX60 enter the bank drive-thru, then after a short time, park in the nearby parking lot. Again, the surveillance team did not observe PACHECO or CORRALES meet with anyone or exit the vehicle. A few minutes

---

[3] These pills have been sent to the laboratory for testing, but the results have not been received yet. The pills have a similar appearance to the pills that were tested in the previous transactions with PACHECO.

5

later, the QX60 returned to the **Subject Premises**, with both subjects exiting the QX60 and entering the **Subject Premises**.

17.  The HSI UCA has remained in contact with PACHECO and another purchase of fentanyl pills has been negotiated for October 16, 2024.

18.  A review of the vehicle tracking data for the G37 since installation on September 4th, 2024 and continuing to October 14, 2024, showed that the vehicle was parked daily at the **Subject Premises**, driving to-and-from the **Subject Premises**, and remaining overnight, further leading investigators to believe that the **Subject Premises** is the primary residence of PACHECO and CORRALES.

### III.  ITEMS TO BE SEIZED

19.  Based upon the facts contained in this Affidavit, your Affiant submits there is probable cause to believe that the items listed in Attachment B will be found at the **Subject Premises**.

20.  Based on my training, education, and experience, and discussions with other trained law enforcement personnel, along with information provided by sources of information and confidential sources, your Affiant knows the following:

   a.  Drug traffickers often keep large amounts of United States currency on hand in order to maintain and finance their ongoing trafficking activities. Traffickers commonly maintain such currency where they have ready access to it, such as in their homes and vehicles. It is also common for traffickers to possess drug proceeds and items purchased with proceeds in their homes and vehicles. Thus, it is common for currency, expensive jewelry, precious metals, or financial instruments to be found in the possession of drug traffickers.

   b.  Traffickers and persons involved in the manufacturing, distribution, and possession of controlled substances often possess firearms and other weapons, both legal and illegal, in order to protect their person, drugs, or the proceeds of drug transactions.

Traffickers commonly maintain such firearms and weapons where they have ready access to them, such as on their person, in their homes, and in their vehicles. In addition, other firearm-related items, such as gun pieces, ammunition, gun cleaning items or kits, holsters, ammunition belts, original box packaging, targets, expended pieces of lead, photographs of firearms, and paperwork showing the purchase, storage, disposition, or dominion and control over firearms, ammunition, and related items are commonly possessed by drug traffickers along with their firearms.

        c.     Traffickers often maintain paraphernalia for manufacturing and distributing controlled substances, including packaging materials, scales, and cutting agents. Traffickers commonly maintain such paraphernalia at stash houses, in their homes, or in their vehicles.

        d.     Traffickers often maintain paper records of their drug trafficking and money laundering activities. Your Affiant knows that such records are commonly maintained for long periods of time and therefore are likely to be found at the **Subject Premises**.

        a.     Drug traffickers commonly use computers, cellular telephones, and other electronic devices to communicate with other drug traffickers and customers about drug-related activities through the use of telephone calls, text messages, email, chat rooms, social media, and other internet- and application-based communication forums. Moreover, drug traffickers commonly use other capabilities of computers and electronic devices to further their drug trafficking and money laundering activities. Therefore, evidence related to drug trafficking activity and money laundering activity is likely to be found on electronic storage media found at the **Subject Premises**, as further described below.

       21.    In addition to items which may constitute evidence, fruits and/or instrumentalities of the crimes set forth in this Affidavit, your Affiant also requests permission to seize any articles tending to establish the identity of persons who have

7

dominion and control over the **Subject Premises**, including rent receipts, utility bills, telephone bills, addressed mail, personal identification, keys, purchase receipts, sale receipts, photographs, vehicle pink slips, and vehicle registration.

### IV. CONCLUSION

22. Your Affiant submits there is probable cause to believe that the items listed in Attachment B, which constitute evidence, fruits, and/or instrumentalities of violations of: 21 U.S.C. § 841 (Possession with Intent to Distribute a Controlled Substance), 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance), and 21 U.S.C. § 843(b) (Use of a Communication Facility to Commit a Federal Drug Felony), are likely to be found at the **Subject Premises**, which is further described in Attachment A.

DANIEL J MENDOZA
Digitally signed by DANIEL J MENDOZA
Date: 2024.10.15 16:43:31 -07'00'

Special Agent Daniel Mendoza
HOMELAND SECURITY INVESTIGATIONS

Telephonically sworn and electronically subscribed on this __15__ day of October 2024.

M Morrissey

HONORABLE MICHAEL T. MORRISSEY
United States Magistrate Judge